# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 19, 2010

No. 09-30347

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff - Appellee

versus

GWENDOLYN JOSEPH MOYO, also known as Gwen Moyo, also known as
Gwendolyn J. Carr, also known as Gwendolyn Joseph

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-384-1

Before JOLLY and DENNIS, Circuit Judges, and JORDAN, District Judge.[*]

PER CURIAM:[**]

In this appeal, Gwendolyn Moyo challenges her conviction based on the admission of certain statements into evidence at her criminal trial, which she contends violates the Federal Rules of Evidence (FRE) and the Confrontation Clause of the Constitution. Because we conclude that the evidence was

---

[*] District Judge, Southern District of Mississippi, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

harmless, we need not address whether the admitted statements actually contravened the FRE or the Confrontation Clause.

In 2008, Moyo was tried for crimes stemming from her involvement in an insurance fraud and money laundering scheme. During trial, the government introduced the statements of a co-conspirator, Derrick Shepherd, in an attempt to demonstrate the origin of the conspiracy between Moyo and Shepherd. Instead of calling Shepherd, the government called FBI Agent Smith, who had questioned Shepherd on two occasions. Over Moyo's objections, Smith was permitted to testify to the following:

> Q. Mr. Smith, I was asking you regarding your interview with state Senator Shepherd the first time you spoke to him. Did you ask him how it was that Ms. Moyo became a client of his?
>
> A. Yes, we did. . . . He could not recall who introduced him at the time.
>
> . . .
>
> Q. And subsequent to that, did you have an opportunity, as you said, to interview him again regarding?
>
> A. About three weeks later, we interviewed him, and at that time he told us he was introduced to Ms. Moyo by Congressman William Jefferson.

Both hearsay and Confrontation Clause errors are subject to harmless error analysis. *See Coy v. Iowa*, 487 U.S. 1012, 1021 (1988) (deprivation of face-to-face confrontation under the Confrontation Clause); *United States v. Dickey*, 102 F.3d 157, 163 (5th Cir. 1996) (erroneous admission of hearsay testimony). "A defendant convicted on the basis of constitutionally inadmissible Confrontation Clause evidence is entitled to a new trial unless it was harmless in that there was no reasonable possibility that the evidence complained of might have contributed to the conviction." *United States v. Alvarado-Valdez*, 521

No. 09-30347

F.3d 337, 341 (5th Cir. 2008) (internal quotation marks, brackets, and citations omitted). "The government bears the burden of establishing the error is harmless beyond a reasonable doubt." *Id.*

Moyo argues that the error was not harmless because by introducing the challenged statements the government went out of its way to establish a connection between Ms. Moyo and Congressman Jefferson, a man with a "troublesome public reputation." She argues that Jefferson's reputation is so toxic as to have tainted the entire proceeding. A review of the record, however, reveals a number of references to Jefferson, other members of the Jefferson family, and Jefferson-owned enterprises. Given that the jury was already well aware of Moyo's connection to Jefferson through evidence that is not challenged on appeal, we easily come to the conclusion that the admission of the challenged statement, if erroneous, was harmless.

AFFIRMED.